IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

|  |  |  |
|---|---|---|
| COBY CARTER, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 2:11-2236 |
| | ) | |
| vs. | ) | |
| | ) | |
| CITADEL BOARD OF VISITORS; | ) | **ORDER** |
| GENERAL JOHN W. ROSA; COLONEL | ) | |
| LEO MERVADO; AND LIEUTENANT | ) | |
| CHRISTOPHER L. MOORE, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on plaintiff's motion for a preliminary injunction to prevent defendants from dismissing him from enrollment at The Citadel for the Fall 2011 and Spring 2012 semesters. For the reasons set forth below, the court denies plaintiff's motion.

## I.   BACKGROUND

On December 12, 2010, a sophomore cadet discovered a pipe and bowl in a freshman cadet's drawer. Three cadets were questioned, including plaintiff, and each admitted to smoking K2/Spice, a form of synthetic marijuana prohibited at The Citadel. A disciplinary hearing was held on January 25, 2011. The hearing was adjourned until the items in question were tested for contraband. On January 26, 2011, the results of the controlled substance test indicated that the substance was indeed K2/Spice. The hearing resumed on February 16, 2011. Prior to both hearings, plaintiff was given notice of the hearing and a witness list. Prior to the first hearing, plaintiff was given a briefing concerning his rights. At each of these

1

hearings, plaintiff was permitted to call witnesses, introduce evidence, cross examine witnesses, and receive advice from up to two cadets and/or faculty members.  The disciplinary hearing board recommended an internal punishment.   The President of The Citadel, instead, dismissed plaintiff for the Fall 2011 and Spring 2012 semesters. Plaintiff appealed this decision.  On August 17, 2011, the Appeals Committee affirmed the President's decision.

## II.   DISCUSSION

In this 42 U.S.C. § 1983 action, plaintiff claims that his substantive and procedural due process rights under the Fourteenth Amendment were violated by The Citadel's decision to dismiss him for two semesters for smoking K2/Spice.   Plaintiff alleges his due process rights were violated by The Citadel's:  1) denial of plaintiff's right to representation at the disciplinary hearings;[1] 2) failure to follow chain-of-custody procedures; 3) imposition of an arbitrary punishment; and 4) failure to comply with the school's disciplinary procedures.

"[P]reliminary injunctions are extraordinary interlocutory remedies that are granted in limited circumstances and then only sparingly."  In re Microsoft Corp. Antitrust Litigation, 333 F.3d 517, 526 (4th Cir. 2003).  "In order to receive a preliminary injunction, a plaintiff 'must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'"  WV Ass'n of Club Owners & Fraternal Servs., Inc. v. Musgrave, 553 F.3d

---

[1] Plaintiff's motion and complaint also state that plaintiff was not afforded notice and opportunity to be heard, however, plaintiff withdrew this argument at the hearing before this court on August 30, 2011.

292, 298 (4th Cir. 2009) (quoting <u>Winter v. Nat'l Res. Defense Council, Inc.</u>, 555 U.S. 7, 20 (2008)).

Plaintiff must "'clear[ly] show [ ]' that [he] is likely to succeed on the merits." <u>Dewhurst v. Century Aluminum Co.</u>, --- F.3d ----, No. 10-1759, 2011 WL 3659310, at *1 (4th Cir. Aug. 22, 2011) (citing <u>Winter</u>, 555 U.S. at 22).  Plaintiff cannot carry this burden because he claims he was denied rights to which he is not clearly entitled. While university students "possess a 'constitutional protectable right' in their continued enrollment in a university," <u>Tigrett v. Rector & Visitors of Univ. of Va.</u>, 290 F.3d 620, 627 (4th Cir. 2003), students' due process rights may be satisfied by "something less than a trial-like proceeding."  <u>Henson v. Honor Comm. of Univ. of Va.</u>, 719 F.2d 69, 74 (4th Cir. 1983) (citing <u>Goss v. Lopez</u>, 418 U.S. 565, 574 (1975)).  The amount and type of process due is dependent on the nature of the interests at stake.  <u>Goss</u>, 419 U.S. at 575-76.

### A.  Lack of Legal Counsel

A student subject to dismissal on disciplinary grounds is not per se entitled to the presence of an attorney.  <u>See, e.g.</u>, <u>Esfeller v. O'Keefe</u>, No. 09-30611, 2010 WL 3035144, at *5 (5th Cir. Aug. 3, 2010); <u>Gorman v. Univ. of R.I.</u>, 837 F.2d 7, 16 (1st Cir. 1988); <u>Henson</u>, 719 F.2d at 74 (barring an attorney from assuming an active role in a disciplinary hearing did not violate due process).  Plaintiff has failed to show that the nature of the interests present in this case demand that he should have been afforded the presence of an attorney, which is necessary to demonstrate a likelihood of success on the merits.

### B.  Failure to Protect Chain-of-Custody

Similarly, there is no per se due process right to a "chain-of-custody" log/ procedure for university disciplinary hearings.  While the evidence indicates that the pipe passed through numerous hands after being confiscated and before being turned in to the officer on duty, plaintiff has not credibly asserted that the pipe was contaminated.  Plaintiff, rather, confessed that he smoked K2/Spice on numerous occasions.

Plaintiff now contends that his initial confession was coerced; however, he made similar statements on at least two other occasions.  On December 13, 2010, plaintiff stated that he thought that "K2, or spice, was not illegal but it was looked down on like coming back to the barracks drunk."  Defs.' Ex. A, 31.  He did not deny that he knew the substance he smoked was K2/Spice.  Furthermore, during Christmas break of 2010, prior to the disciplinary hearings, plaintiff wrote the President of The Citadel stating, "One of my classmates that I thought was a friend offered spice, or k2, to me and I accepted his offer.  On December 12 he was caught with the k2 and a bowl.  We did indeed smoke it in the barracks and I know it was wrong. . . .  I know this could be a dismissible charge . . . ."  Defs.' Ex. A, 52.  Plaintiff does not contend that these statements were coerced.  Plaintiff has failed to show that it is likely that the nature of the interests at stake require process beyond that which was given here, which is necessary for plaintiff to succeed on the merits.

4

### C.  Arbitrary Punishment

K2/Spice is prohibited at The Citadel.  Defs.' Ex. B, 18-19 §§19(a)(1)(b),

(a)(4).[2]  The Citadel College Regulations require that "Any student possessing or

using any substance or item identified in subsection (b), above, in violation of this

policy, will be subject to dismissal from the College."  Id. at §19(a)(1).  While the

disciplinary board recommends penalties, the President is responsible for determining

and imposing the punishment.  Id. at 31 §3(d).  This structure of penalty

determination does not likely violate plaintiff's due process rights.  See Henson, 719

F.2d at 74.  Plaintiff has not shown that he is likely to succeed on the merits because

it does not appear that the President's decision was "arbitrary," rather it specifically

followed the College Regulations.  Furthermore, plaintiff knew this was a potential

punishment even before his hearings.  See Ex. A, 52.  Plaintiff has failed to show that

it is likely that his punishment was arbitrary, which is necessary for plaintiff to

succeed on the merits.

### D.  Failure to Follow Internal Procedures

Because federal constitutional standards, rather than school rules, define the

requirements of procedural due process, not every deviation from a school's

regulations is of constitutional significance.  See Winnick v. Manning, 460 F.2d 545,

550 (2d Cir. 1972).  Rather, a school's "violation of its own regulations is

unconstitutional only if those regulations are necessary to afford due process."  Id.

Plaintiff claims that the Chair temporarily left the January 25 hearing when it became

---

[2] Although plaintiff argues that the Blue Book Regulations for the South Carolina Corps of Cadets
does not prohibit K2/Spice, this is irrelevant as that the facts demonstrate that the administration had
informed freshmen and plaintiff that K2/Spice was a prohibited substance and plaintiff is bound by the
College Regulations, which proscribe the substance.

apparent that there was insufficient evidence as that the drug test results had yet to return on the drug paraphernalia.  Even if The Citadel prohibits the Chair from temporarily leaving a disciplinary hearing, the Chair's action in no way violates plaintiff's constitutional due process.  Plaintiff also initially asserted that the charges against him were "dismissed," and they should not have been resumed on February 16, 2011, according to school rules.  The charges, however, were not dropped; rather, the hearing was adjourned to await the results of the controlled substance test.

Plaintiff has failed to "clearly show" that he is likely to succeed on the merits, therefore, under <u>Musgrave</u> and <u>Dewhurst</u>, his motion must fail.

### III.   CONCLUSION

For the foregoing reasons, the court **DENIES** plaintiff's motion for a preliminary injunction.

**AND IT IS SO ORDERED**.

_____
**DAVID C. NORTON**
**CHIEF UNITED STATES DISTRICT JUDGE**

**September 1, 2011**
**Charleston, South Carolina**

6